130 P.2d 22

TOWNDROW v. GARCIA, Probate Judge, et al.

No. 4612.

Supreme Court of New Mexico.

Sept. 23, 1942.

Rehearing Denied Nov. 7, 1942.

Hugo Seaberg, of Raton, for plaintiff in error.

Wilson & Wright, of Raton, for defendants in error.

MABRY, Justice.

An action was brought by plaintiff in error (hereinafter called plaintiff) to enjoin the probate of what the defendants in error (hereinafter called defendants) claim was the last will and testament of Emma F. Towndrow (hereinafter called the decedent), and also to order the probate of a prior will made to carry out an alleged contract to make a will. Under the alleged contract it is claimed in the petition of plaintiff that decedent had "promised and agreed to make and constitute the said Margaret Floyd Towndrow her principal heir, and did, in pursuance thereof, make and attest her said will of August 17, 1936."

Plaintiff claimed that she was taken by decedent and her husband, at the age of approximately three years, to live with them; that there was an agreement made in 1912 between the decedent on the one hand and plaintiff's parents on the other to the effect that plaintiff should live with decedent and her husband, making their home her own, and that plaintiff should become decedent's principal heir at the time of her death; that plaintiff lived with decedent until she was married in 1922, when she moved into her (plaintiff's) own home; that in 1936 decedent executed a will devising a considerable portion of her property to plaintiff; but that notwithstanding this thereafter the decedent executed another will leaving to plaintiff only $1,000, the rest of her property going to decedent's living brothers and sisters.

The trial court found that there was no valid contract on the part of decedent to devise her property to the plaintiff. All findings of fact are adverse to the position of plaintiff, and are supported by substantial evidence. Among the findings is one to the effect that none of the statements upon which plaintiff relies and which she alleges were to the effect that plaintiff, by so living with the decedent, was to become a principal heir, were in fact made until 1936, a time long after plaintiff had left the home of the decedent and established her own home, thus leaving the promise unsupported by any consideration. The court concluded as a matter of law that plaintiff had failed to prove the contract alleged and had failed to prove that the first will made in 1936 was not revoked by the subsequent one, and decreed that the temporary restraining order theretofore made and entered be revoked and the cause dismissed, and plaintiff appeals.

As we view the issues presented to the trial court, the purpose of the action was to establish the rights of plaintiff under the alleged contract and will of August 17, 1936.

She sought to show that this will was made in pursuance of a contract, now coupled with an interest, and that such will having been so made was the only one entitled to probate, and, for such reasons, sought to enjoin the probate of the latter will, made in 1940. Appellant, in her assignment of error and in the discussion in her brief, appears somewhat confused about the exact issue presented and those which the trial court were called upon to decide; but we encounter no particular difficulty in appraising the issues as hereinbefore set forth.

It is clear that the jurisdiction of the trial court was invoked to try the issue whether there was a legal and binding contract to make a will in favor of appellant. It was because the decedent had allegedly made a second will in violation of her undertaking to leave her property to plaintiff that the injunction was sought to restrain the probate judge and others interested in proceeding to probate the second will.

The trial court found contrary to the contention of plaintiff and dismissed the cause. Now, plaintiff would nullify the action of the trial court and the res adjudicata character of its findings and judgment by the simple expedient of accepting its judgment dismissing the cause, minus the findings and conclusions supporting such judgment.

We cannot agree with plaintiff's contention. It will not be disputed that, had the court granted the relief sought—a permanent injunction against the probate court and interested parties—enjoining the pro-

bation of the second will, such a judgment would have had to rest upon the finding and conclusion that the decedent had theretofore made a valid contract with plaintiff which could not be thus breached by such disposition of the property as was attempted in the subsequent will of 1940. And, the converse is equally true. When the trial court refused to grant the injunction after a full hearing upon the issue of whether there was such a contract as plaintiff pleaded and relied upon as the very basis of his suit, it was required to make findings in support of its judgment.

The Rules of Practice and Procedure in the District Court provide that "upon the trial of any question of fact by the court its decision must be given in writing and filed with the clerk in the cause, and in such decision the court shall find the facts and give its conclusions of law pertinent to the case", etc. § 105—813 of the Rules.

There was clearly no attempt by the District Court to probate either will. The jurisdiction of the court was invoked to determine the validity of the contract to leave by will the property in question, and, but for this alleged impediment plaintiff would have no standing to question the second will. Indeed, the second will is not questioned except upon the grounds that it was made in violation of the earlier contract.

Plaintiff in her petition, in invoking the court's jurisdiction to restrain the probate judge and other defendants in error from proceeding with the probate of the second will, states in substance that it is to avoid

a multiplicity of suits that the court is called upon to step into the controversy and determine whether, in view of the alleged contract, that decedent was entitled to make her second will in question. We see no merit to the contention that the jurisdiction of the District Court being so invoked and the issues being fully litigated, the findings and conclusions upon which the judgment dismissing was based were not appropriately made.

Other alleged error, and irregularities in briefing, relied upon by plaintiff, are passed without comment, since a decision upon any such questions we do not deem necessary in view of the disposition we make of the case; and, likewise the motion to dismiss the appeal, action upon which motion was reserved until the cause could be considered upon its merits is overruled.

A question not raised by the parties but which we notice ourselves, is whether the district court had jurisdiction under any circumstances to enjoin the probate court and/or the parties interested from probating the will which had been filed for probate.

If the district court possessed such jurisdiction, the findings of fact made in the case at bar are perhaps res adjudicata in another case seeking to litigate relevant issues. If, on the other hand, the district court did not have jurisdiction to grant the injunction sought, the findings of fact will be of no effect.

It will be time enough to consider this jurisdictional question if and when it may be presented in some other case as an objection to the employment of such findings of fact as res adjudicata.

Finding no error the judgment is affirmed, and, it is so ordered.

BRICE, C. J., and SADLER and BICKLEY, JJ., concur.